José Cantellops, Petitioner and Appellant, v. Municipal Court of San Juan (Second Section) et al., Respondents and Appellees.

No. 5441.   Argued November 24, 1930.—Decided November 28, 1930.

Bolívar Pagán for appellant.   J. Tous Soto, plaintiff in the main action, pro se.

Mr. Justice Aldrey delivered the opinion of the Court.

We are asked to dismiss this appeal, taken from a judgment of the District Court of San Juan discharging a writ of certiorari which it had issued.

In his application for the writ, the petitioner alleged under oath through his attorney that unlawful detainer proceedings had been brought against him for nonpayment of rent; that judgment had been rendered immediately after the first appearance, without the case having been duly set and heard on a second appearance, and that in an ordinary appeal the defendant would be compelled to deposit the rent notwithstanding his having denied that the house which was the object of the action belonged to the plaintiff, and despite the fact that petitioner is not bound to pay such rent.   The district court issued the writ applied for, ordered that the original record in the unlawful detainer proceeding be sent up and, after a hearing, it discharged the writ.

It appears from the record considered by the district court in rendering the judgment appealed from, a certified copy of which record has been filed in this court by the appellee, that it was not true that in the unlawful detainer proceeding judgment had been rendered "immediately after the first appearance, without the case having been duly set and heard

on a second appearance,'' but rather on the contrary that on the first appearance of the parties for taking evidence and in the presence of their counsel the court set another day for the second appearance as required by law. Therefore, the appeal taken is frivolous, since the ground set forth as the basis for the petition in certiorari appears to be negatived by the record of the unlawful detainer proceeding. That is the only error of procedure urged by the appellant which warranted the issuance of the writ, as the allegation that he had failed to appeal from the judgment of the municipal court because he would have had to deposit the rent alleged to be due notwithstanding his denial that the plaintiff was the owner of the house in question, did not and could not justify the issuance of said writ, apart from the fact that the appellant did not deny in his answer to the complaint that the appellee was the owner of the house.

For the foregoing reasons, the appeal must be dismissed as frivolous.

Mr. Justice Texidor took no part in the decision of this case.